### Ira E. Stevens, Appellee, v. Franklin County Carbon Coal Co., Appellant.

VERDICTS—*when not disturbed.* A verdict will not be set aside on review as against the weight of the evidence, unless clearly and manifestly so.

*Assumpsit.* Appeal from the Circuit Court of Franklin county; the Hon. J. R. CREIGHTON, Judge, presiding. Heard in this court at the February term, 1909. Affirmed. Opinion filed November 13, 1909.

HART & WILLIAMS and THOMAS J. LAYMAN, for appellant.

CHARLES DANIELS and HICKMAN & MOORE, for appellee.

MR. JUSTICE SHIRLEY delivered the opinion of the court.

This is an appeal from a judgment of the Circuit Court of Franklin county in which appellee recovered the sum of four hundred dollars, a balance for a sinking outfit claimed to have been sold and delivered to appellant.

On October 6, 1906, appellee submitted the following written proposal:

"BENTON, ILLINOIS, October 6, 1906.
Franklin County Carbon Coal Company,
    Benton, Ills.    (Thompsonville, Ill.)
Gentlemen:
I propose to furnish you f. o. b. Springfield, Ills. one sinking outfit consisting of one pair of engines with two friction drums and one upright boiler; all self contained and in first class secondhand condition together with all the safe sheaves, buckets, trucks, etc. for the sum of eight hundred dollars ($800.00), of which four hundred dollars ($400.00) is to be paid spot cash with order and the balance four hundred dollars ($400.00) to be paid by note dated on arrival of the equipment and to run 30 days from date.
                    Yours truly,
                        IRA E. STEVENS,
                Old Colony Bld'g, Chicago."

On the same day the proposition was accepted by one Isbell who made upon it the following endorsement:

"Accepted 10-6-06.    Franklin County Carbon Coal Company.    W. M. Isbell, Gen. Mgr."

On October 8, appellee received the sum of four hundred dollars which he treated as part payment for the outfit.

It is insisted by appellant that Isbell was not its agent and had no authority to make the purchase and further that there was no ratification of the purchase by appellant.

It appears from the signature of Isbell to the acceptance of the above proposal that he represented himself to be the general manager of the company; it also appears from the printed list of directors and officers of appellant company that he was a director and general manager. It further appears the four hundred dollars sent appellee on October 8th, was sent by one E. S. Bundy, who sent it from Thompsonville, and who stated in the letter enclosing the draft that it was sent by request of the coal company. Bundy was not an officer of the company. R. A. Thompson who was

the treasurer and A. J. Hanson who was president of the company, testify that they knew of no authority to Isbell to make the contract and Thompson also testifies that the payment of four hundred dollars was not paid by the coal company; that it was paid by E. S. Bundy. There is no evidence of any action of the board of directors as a board in reference to the transaction.

We are of opinion, however, from all the circumstances that the evidence is sufficient to support the verdict.

After the outfit arrived, appellant, on October 27th, sent appellee the following notice:

"Ira Stevens,

  Old Colony Building, Chicago.

Machinery here subject to your order. Not as represented. Can't use it. Return money or will attach machinery at once. Answer.

  (Signed) Franklin County Carbon Coal Co."

Appellee refusing to return the money, appellant brought suit in the Franklin County Circuit Court to recover the four hundred dollars paid appellee by Bundy, placing it upon the ground as shown by the notice to appellee, not that Isbell did not have authority to purchase and not that Bundy did not have authority to make part payment, but that the machinery was not as represented. This course of conduct was evidence of an admission on the part of appellant that the money paid by Bundy was its money, and contradicts the statement of the officers of the company that the four hundred dollars paid was not paid by the company. We think it is apparent from all the testimony that the appellant paid the four hundred dollars on the purchase and refused to receive the outfit because it was not satisfied with the condition and quality of its machinery.

It is further insisted that the evidence conclusively shows the outfit was not "in first class secondhand condition together with all the safe sheaves, buckets,

trucks, etc.," as required in the written proposal of appellee.

We have examined the evidence and are unable to determine from it what constitutes a "first class secondhand condition." The evidence upon this point was conflicting and we are not prepared to hold the court erred in overruling appellant's motion for a new trial and entering judgment on the verdict.

Finding no error, the judgment of the Circuit Court will be affirmed.

*Affirmed.*